COMMISSION ON POLLUTION CONTROL
AND ECOLOGY *v.* Worth JAMES
(MODEL FILL, INC.)

78-28                                    568 S.W. 2d 27

Opinion delivered July 17, 1978
(Division II)

*Spitzberg, Mitchell & Hays,* by: *W. Christopher Barrier,* for appellant.

*Friday, Eldredge & Clark,* by: *Boyce R. Love,* for appellee.

*Bachmann & Weltchek, P.A.,* by: *Andrew Weltchek,* for amicus curiae, ACORN.

GEORGE HOWARD, JR., Justice. This appeal involves the application of appellee for a permit to construct and operate a sanitary landfill on a thirty (30) acre tract of land that is part of a larger tract of land consisting of 253 acres commonly known as the "Worth James Airport, on Mabelvale Pike north of Fourche Creek." The proposed landfill site is approximately three-fourths of a mile east of Mabelvale Pike.

Although the administrative staff of the Commission on Pollution Control and Ecology recommended approval and granting of the permit, after an investigation was conducted, the Commission denied the permit for the following reasons:

1. The site and access roads are subject to increasingly frequent flooding.

2. Mabelvale Pike serving the entrance to the site, is in poor repair, carries traffic beyond its capacity, and should not be subjected to additional heavy truck traffic without compelling necessity.

3. The proposed site is close to and in sight of a number of residences, whose value would be adversely affected by its presence.

4. There is no demonstrated public or private need for the landfill.

5. Due to the proximity to residences, even minor deficiencies in operation would have serious consequences.

6. The above-noted items render the site applied for unsuitable for a sanitary landfill under present circumstances.

Appellee appealed the decision of the Commission to the Circuit Court of Pulaski County. The Pulaski Circuit Court reviewed the matter *de novo* in accordance with Ark. Stat. Ann. § 82-1906(7)[1] and made the following findings in reversing the Commission and in directing the Commission to issue the permit:

"This Court, after reading the record and hearing additional evidence, has concluded that the action of the Commission is not warranted by the evidence and should be reversed and the case remanded with directions for the Commission to issue the required permit. The Court makes the following specific findings:

"1. Appellant is a responsible party who will

---

[1]In relevant part, subdivision 7 involving judicial review of a decision of the Commission is as follows:

"The appeal shall be heard and determined by the court upon the issues raised by the notice of appeal. . . . The court of its own motion or on application of any party may, in its discretion, take additional evidence on any issue of fact or may try any or all such issues de novo. . . . If the court shall determine that the action of the Commission appealed from is lawful and reasonable, and is warranted by the evidence in case an issue of fact is involved, the action shall be affirmed. Otherwise, the court may vacate or suspend the action appealed from in whole, or in part, as the case may require, and thereupon the matter shall be remanded to the Commission for further action in. conformity with the decision of the court."

operate the disposal facility under his personal supervision.

"2. The site will be well maintained as evidenced by the fact that Mr. James rejected an offer to lease the site to a landfill operator because other sites operated by the same company were less than satisfactory to him.

"3. The total acreage is well kept and maintained and surrounded by a levee.

"4. Of the thirty acre tract, only twenty acres (inside the levee) will be utilized.

"5. The site is at least one-half mile from the nearest residence.

"6. The water level is twelve to fourteen feet, and the ditch for disposal of the waste will be a maximum of eight feet in depth.

"7. Ditches will be covered and filled at the time of dumping.

"8. Mr. James is an experienced utility contractor dealing in all types of sewage, water and other pipe lines. The digging of ditches and covering same after the laying of pipe is a procedure that has been a regular part of his company operations for many years.

"9. He has adequate equipment and personnel to operate this disposal site.

"10. The increased traffic on Geyer Springs Road because of trucks going to the site will be an insignificant amount."

For reversal of the Pulaski Circuit Court's decision, appellant argues that the proposed site for the landfill is unsuitable, that the Pulaski County Circuit Court's holding is not supported by the facts contained in the record and that

the trial court's action is not based upon law in that the court has substituted its judgment for that of the Commission.

As indicated previously, under Ark. Stat. Ann. § 82-1906, an appeal to the circuit court from a holding of the Commission on Pollution Control and Ecology, the matter is tried *de novo* either on the court's own motion or on application of any interested party. In the instant case, appellant expressly requested the circuit court to review the matter *de novo*. The court having reviewed this matter *de novo*, our task is to determine whether or not the holding of the trial court is supported by any substantial evidence.

After carefully reviewing the record, briefs of appellant, appellee and the amicus curiae brief for Acorn, we are persuaded that the trial court's action is supported by substantial evidence and, accordingly, we affirm.

First, and perhaps foremost, it is clear from this record that the Commission's own staff, after making a thorough investigation of the proposed landfill site, recommended that the permit be granted to the appellee. Ray Hightower, Chief of the Solid Waste Control Division of the Department, testified that the nearest public road is approximately three-fourths of a mile to the west of the proposed site and that the nearest dwelling house is more than one-half mile. Mr. Hightower further testified that in considering all of the solid waste disposal landfills operating in the State of Arkansas, something in the neighborhood of ninety, only one has an area equally as large as the site in question that does not have residential dwellings within close proximity of the landfill sites. Thus, it seems clear that the distance of appellee's proposed landfill site to the nearest residential dwelling falls within the rule rather than the exception.

Mr. Hightower further testified that the anticipated increase in traffic on Mabelvale Pike, should the permit be issued to appellee, would be insignificant.

The report of Charles Crowson, Geologist, specifies that the proposed landfill site has adquate cover material to protect the ground water provided the area only is excavated

to a depth of eight feet. Thus, the ground water which lies at a depth of 13 to 15 feet, will not be contaminated inasmuch as the overlying silty clay is adequate to separate the underground water from the refuse above as well as any drainage therefrom. Moreover, Mr. Crowson also testified that the proposed landfill site lies within the boundaries of a flood-prone area and has experienced high water at least twice within the past seven years. However, Mr. Crowson testified that a levee of a minimum elevation of 257 feet above sea level is adequate to protect the site from flooding. It is clear that the appellee constructed a levee approximately twenty years ago around his entire 263 acres in order to deal effectively with the flooding conditions and that water flowed over the levee only once during the twenty year period; and that appellee, as a consequence, has raised the levee since that time in order to cope with the problem.

We are not impressed with appellant's argument that appellee has failed to demonstrate a need for the landfill site inasmuch as it is clear that the appellee is the owner of the property and he has a fundamental right to engage in a lawful business so long as his conduct conforms to whatever regulations may be in existence in the public's interest. As appellee has emphasized in his brief, indeed, the Arkansas Legislature did not intend for the Commission to require an applicant to demonstrate that he had customers or users for his landfill before he is entitled to a permit. Indeed, under our free enterprise system, the right or privilege to pursue a legitimate occupation is not predicated upon an affirmative showing to a regulatory agency the venture will be a success.

Finally, under the holding of the trial court, appellee is afforded an opportunity to turn undeveloped and unusable land into a useful asset for the Little Rock community, not only from the standpoint as an additional outlet to dispose of refuse, but the prospects are such that the entire community may be benefited by converting unsightly and idle property into a valuable asset by way of community development. On the other hand, if in the future it is found that appellee's proposed sanitary landfill becomes a nuisance, residents within the area, indeed, are not foreclosed by our action in sustaining the trial court to institute action in the proper court for relief.

150

Affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.